**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Kaylem Skacy,<br>Defendant. | No. CR-25-08175-001-PCT-DWL<br>**ORDER** |

The trial in this matter is set to begin on November 9, 2026. Now pending before the Court is defense counsel's ex parte application to issue a witness subpoena at government expense pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure. For the reasons that follow, the application is denied without prejudice.

Rule 17(b) provides: "Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas." *Id.* In an effort to satisfy these standards, the application provides: "Success V. Carter, affiant/attorney for the defendant being sworn states that the following named persons are witnesses for the defendant. The defendant is not possessed of sufficient means and is financially unable to pay the fees of said witnesses and the costs of summoning them. The witnesses are necessary to an adequate defense in this case."

Although the Court is satisfied that Defendant meets the financial eligibility requirement under Rule 17(b), the problem with the application is that it provides no factual information about the nature of the named individual's anticipated testimony or why that unspecified testimony will be necessary to an adequate defense. As courts have repeatedly emphasized, a conclusory assertion of necessity is insufficient. *See, e.g., United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009) ("By virtue of the necessity requirement, a defendant's burden under Rule 17(b) is not light. Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense. To show necessity, a defendant must establish that the witness's testimony is relevant, material, and useful. He or she must demonstrate particularized need. We have explained, in no uncertain terms, what does not constitute particularized need. For example, an adequate ground for the denial of a request for a subpoena under the necessity requirement of Rule 17(b) exists when the defendant fails to set forth the expected testimony of a witness . . . .") (cleaned up); *United States v. Oates*, 173 F.3d 651, 658-59 (8th Cir. 1999) ("[I]n his request for the subpoenas, presented to the district court on the second day of trial, Oates merely stated that the witnesses were needed 'in order to introduce testimony at trial for his defense.' This conclusory statement hardly satisfied Oates' burden under Rule 17(b)."); *Deitle v. United States*, 302 F.2d 116, 118 (7th Cir. 1962) ("The motion for subpoena of witnesses clearly does not comply with the requirements of [Rule 17(b)]. It does not set forth the testimony defendant expects the witnesses to give nor does he show that such evidence would be material to his case."); *United States v. Sullivan*, 2019 WL 7042092, *1 (D. Haw. 2019) ("[C]onclusory statements regarding the need for a witness do not satisfy Rule 17(b)'s necessity requirement."); *United States v. Washington*, 2018 WL 894027, *3 (D. Nev. 2018) ("Mr. Washington's Motion provides no information at all regarding the witnesses' proposed testimony. The Motion merely identifies 27 individuals and states they are needed for an adequate defense. This is insufficient."); *United States v. Gibbs*, 2006 WL 623683, *1 (W.D. Mich. 2006) ("Defendant has requested the issuance of six subpoenas at the government's expense. Defendant, however, does not attempt to

make a showing of necessity beyond merely stating that the witnesses are necessary to his defense. Such a cursory statement does not satisfy Defendant's initial burden under Rule 17(b).") (citations omitted). *See generally United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980) ("A trial court's refusal to issue a subpoena under Rule 17(b) is clearly appropriate . . . when the defendant has failed to make a satisfactory showing as required by the Rule . . . .").

Accordingly,

**IT IS ORDERED** that the ex parte application is **denied without prejudice**.

Dated this 28th day of October, 2026.

Dominic W. Lanza
United States District Judge