**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Kaylem Skacy,

Defendant.

No. CR-25-08175-001-PCT-DWL

**ORDER**

This case is set for trial on November 9, 2026. In advance of trial, the parties have filed an array of motions. This order addresses one of those motions: Defendant's motion to suppress firearm evidence. (Doc. 43.) For the reasons that follow, the motion is denied.

**RELEVANT FACTS**

Defendant provides the following recitation of the facts, which the Court accepts as true for purposes of resolving his suppression motion.[1]

On September 11, 2024, Navajo Nation Police Officer Darnell Ben ("Officer Ben") responded to a reported fight at the McDonald's in Tuba City, Arizona. (Doc. 43 at 2.)

[1] Because the Court concludes that suppression is unwarranted even when all of Defendant's asserted facts are accepted as true, Defendant's request for an evidentiary hearing is denied. *United States v. Howell*, 231 F.3d 615, 620-21 (9th Cir. 2000) (holding that "[a]n evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist" and quoting, with approval, *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990), for the proposition that "[a] hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required.") (citation omitted). *See also* LRCrim 16.1(b). Additionally, Defendant did not request oral argument. (Doc. 43.)

That location falls within the confines of the Navajo Nation Indian Reservation.[2] When Officer Ben arrived, a bystander told him that the white SUV parked near the front entrance was involved in the fight. (*Id.*) Officer Ben pulled up behind the parked SUV and activated his lights and sirens, at which point Officer Ben observed a passenger in the SUV "ma[ke] a leaning-forward motion before sitting upright." (*Id.*) Defendant was seated in the SUV's driver's seat. (*Id.*)

As for what happened next, Defendant's motion states:

> Officer Ben reported that he detected the odor of intoxicating liquor from inside the vehicle, saw a transparent firearm magazine near the center console, and saw a rifle-like weapon on the rear passenger floorboard under the rear passengers' feet. He removed the occupants from the vehicle for the vehicle passenger's safety, because of the odor of alcohol and what he described as firearm-related paraphernalia. The occupants sat on the curb near the vehicle with their hands out of their pockets. [Defendant] did not consent to a search of his vehicle. According to Officer Ben, [Defendant] said there was nothing illegal in the vehicle. Officer Ben nevertheless searched the vehicle and, in an area not identified in his report, he found a black shoulder bag containing a Glock 19X pistol with a magazine inserted, a purple part on the back of the slide that appeared to be a "switch," and a small baggie containing a leafy green substance. In the rear compartment, there was a black string bag with five unopened 375-milliliter containers of liquor. Officer Ben then *Mirandized* [Defendant] and questioned him about the fight and the "switch." Then he arrested [Defendant] for possession of liquor, unlawful possession of a firearm, and possession of marijuana. The rifle-like item, later identified as a BB gun, was left in the vehicle.

(*Id.* at 2-3.)

**DICUSSION**

I. <u>The Parties' Arguments</u>

Defendant identifies three reasons why Officer Ben's search was impermissible. (Doc. 43.) First, Defendant argues that "[t]he reported fight did not create probable cause to search the vehicle for a firearm," because the reports to law enforcement only described

---

[2] Defendant's motion seems to imply that Tuba City falls within the confines of the Navajo Nation Indian Reservation (*id.*), and, regardless, the Court takes judicial notice of this indisputable fact. *See* Fed. R. Evid. 201(b).

rock-throwing. (*Id.* at 3-4.) Second, Defendant argues that "[t]he alleged furtive movement did not justify a vehicle search," because "[t]hat single movement was not a particularized basis to believe the vehicle contained evidence of the reported fight or a firearm offense." (*Id.* at 4-5.) Defendant adds that the furtive movement did not justify a search based on officer-safety concerns because the occupants of the SUV were removed before the search took place. (*Id.* at 5.) Third, Defendant argues that "[t]he odor of alcohol, BB gun, and transparent magazine did not establish probable cause to search for the Glock" and elaborates, in relation to the alcohol issue, that "[t]he report identifies no open container, impaired driving observation, or alcohol-related evidence seen before the search, other than a general odor from inside the vehicle. Even if the odor allowed further inquiry about alcohol, it did not create a fair probability that a prohibited weapon would be found in a shoulder bag inside the vehicle. Notably, the officer does not report where this bag was located, or the sequence in which it was seized and searched. An evidentiary hearing is necessary to establish the chain of events leading to the officer's seizure and search of the shoulder bag." (*Id.*) Defendant further contends that "[t]he transparent magazine also did not supply the missing nexus" because Officer Ben's report "does not state that it was loaded, apparently unlawful, connected to the fight, or associated with a firearm visible before the search." (*Id.* at 5-6.)

In response, the United States argues that "[t]he Navajo Nation police officer who searched the defendant's SUV had two independent legal bases to do so: probable cause based on the plain odor of alcohol, which is illegal on the Navajo Nation; and a reasonable belief that the SUV contained weapons that could pose an immediate danger to the officer and others." (Doc. 47 at 1.) As for the first point, the United States contends that (1) the possession or transportation of alcohol within the Navajo Nation is illegal; (2) under *United States v. Solomon*, 528 F.2d 88 (9th Cir. 1975), and *United States v. Barron*, 472 F.2d 1215 (9th Cir. 1973), the plain odor of an illegal substance provides probable cause to search a vehicle for that substance; and (3) under *United States v. Ross*, 456 U.S. 798 (1982), an officer conducting such a search may "properly search 'every part of the vehicle and its

contents that may conceal the object of the search,' including closed containers." (*Id.* at 4-5.) The United States concludes: "A black shoulder bag could certainly contain alcohol, and the officer therefore was legally permitted to search it. And when the officer saw the defendant's gun and Glock switch, he was not 'required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances.'" (*Id.* at 5, quoting *Michigan v. Long*, 463 U.S. 1032, 1050 (1983)). As for the second point, the United States contends that "the totality of the circumstances establishes that the officer was unquestionably warranted in the belief that his safety or that of others was in danger. He was responding at night to a fight call that involved numerous people. When he arrived, he was told that the defendant's SUV was involved. There were four people in the SUV, and the officer was therefore significantly outnumbered. As he approached the SUV, the passenger leaned forward and then sat back up. The officer immediately smelled alcohol, which is illegal on the Navajo Reservation. He also saw a firearm magazine and what appeared to be a rifle. When the officer had everyone get out of the SUV, the passenger became upset, started yelling, and attempted to reach into his pocket. Further, even though the officer had everyone get out of the SUV, they could easily break away from police control and retrieve a weapon from the automobile. Additionally, at the time of the search, the SUV's occupants were not placed under arrest, and had they been permitted to reenter the SUV, they would have access to any weapons inside. . . . Accordingly, the officer was entitled to search the passenger compartment of the defendant's SUV, including those areas and closed containers in which a weapon may be placed or hidden." (*Id.* at 7, cleaned up.) At a minimum, the United States argues that suppression is unwarranted because Officer Ben acted in good faith in believing these was probable cause for the challenged search. (*Id.* at 8.)

The time to file a reply has expired and Defendant did not file a reply.

## II. Analysis

Defendant's suppression request lacks merit. Defendant does not dispute that Officer Ben "detected the odor of intoxicating liquor from inside" Defendant's SUV. (Doc.

43 at 2.) The possession or transportation of alcohol within the Navajo Nation is illegal. *See, e.g.*, Navajo Nation Code tit. 17, § 410(A) ("A person commits an offense pursuant to this Section if he or she intentionally or knowingly possesses, or transports any beer, ale, wine, whiskey or any other beverage which produces alcoholic intoxication, and such alcoholic beverage is intended for his or her personal use."); *United States v. Trimble*, 2019 WL 2269452, *1 n.1 (D. Ariz. 2019) ("Possession of alcohol is illegal on the Navajo Reservation."). Thus, Officer Ben had probable cause to search the SUV for alcohol. *Cf. Solomon*, 528 F.2d at 91 ("Once Sonka entered the car, he smelled marijuana. This gave him probable cause to search the inside of the car and, after finding no marijuana there, the trunk."); *Barron*, 472 F.2d at 1217 ("[T]he fact that an agent familiar with the odor of marijuana, smelled such an odor emanating from the automobile when he jumped in to stop it, alone was sufficient to constitute probable cause for a subsequent search for marijuana."). And as part of that search, Officer Ben could permissibly open and look within closed containers within the SUV that might contain alcohol, such as the black shoulder bag at issue here. *Ross*, 456 U.S. at 825 ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."); *California v. Acevedo*, 500 U.S. 565, 572 (1991) ("*Ross* took the critical step of saying that closed containers in cars could be searched without a warrant because of their presence within the automobile."); *United States v. Williams*, 846 F.3d 303, 312 (9th Cir. 2016) ("Officers may conduct a warrantless search of an automobile, including containers within it, when they have probable cause to believe that the vehicle contains contraband or evidence of criminal activity."). Given this determination, there is no need to address the United States' alternative basis for justifying the search.

…

…

…

…

Accordingly,

**IT IS ORDERED** that Defendant's motion to suppress (Doc. 43) is **denied**.

Dated this 29th day of October, 2026.

Dominic W. Lanza
United States District Judge