**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Kaylem Skacy,

Defendant.

No. CR-25-08175-001-PCT-DWL

**ORDER**

This case is set for trial on November 9, 2026, and the Final Pretrial Conference ("FPTC") is set for November 3, 2026. Now pending before the Court is Defendant's motion, pursuant to 18 U.S.C. § 4285, to direct the United States Marshal to arrange and pay for his noncustodial transportation to the FPTC and to furnish him with money for subsistence expenses to his destination. (Doc. 76.) For the reasons that follow, the motion is denied without prejudice.

As background, 18 U.S.C. § 4285 provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person

> with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

*Id.* In an effort to satisfy these standards, Defendant's motion—which is only signed by defense counsel, not Defendant—provides: "Mr. Skacy is indigent and has qualified for court-appointed counsel. He has been released, pursuant to 18 U.S.C. § 3142 on conditions, including that he appears as required for future proceedings. Presently, Mr. Skacy does not have a vehicle and is financially unable to provide the necessary transportation to appear as required on his own." (Doc. 76 at 1-2.) No supporting documentation, such as a declaration, is attached to the motion.

This request is too conclusory and unsupported to suffice. "Whether to order payment for one-way transportation and related subsistence for an indigent defendant is within a court's discretion. Section 4285 places the onus on the defendant to demonstrate that he is financially unable to provide the necessary transportation. This burden is heavy and requires the court to conduct an appropriate inquiry into the defendant's financial condition. The fact that a defendant may be indigent for purposes of appointment of counsel . . . is a different standard than indigency for reimbursement of transportation. The court must find that the defendant is so destitute that he is financially unable to provide the necessary transportation to appear before the required court on his own." *United States v. Garcia*, 2026 WL 1459670, *2 (C.D. Cal. 2026) (cleaned up). Thus, in *Garcia*, the defendant seeking financial assistance under § 4285 provided detailed information regarding the anticipated cost of travel, including "receipts from Enterprise Car Rental, showing he paid over $300 for transportation to California" to attend an earlier hearing, and "a Social Security Administration Benefit Verification Letter" establishing his current income level. *Id.* Similarly, in *United States v. Gearheart*, 2024 WL 3594800 (E.D. Cal. 2024), a defendant seeking financial assistance under § 4285 provided a declaration with detailed information regarding his financial status. *Id.* at *2. Notably, the court in that

case concluded, on the basis of the information in the declaration, that the defendant did not qualify for assistance. *Id.* ("Defendant has not demonstrated that he is 'financially unable' to afford transportation, only that it would strain his finances and that he will have to put any expenses on a credit card. Given that the statute requires a defendant to demonstrate he is 'financially unable' to afford transportation to a required court appearance, the Court is not persuaded that Defendant qualifies for assistance under 18 U.S.C. § 4285.").

Here, in contrast, Defendant has not provided a declaration regarding his current financial status, has not identified the anticipated cost of travel, and has merely asserted (through counsel) that he does not have a vehicle and is financially unable to afford the unspecified cost of travel. On this record, the Court cannot say that Defendant has met his burden under § 4285. Defendant is welcome to submit another, better developed motion. *Cf. United States v. Cheley*, 2026 WL 2620373, *2 (E.D. Cal. 2026) ("Defendant has not made an adequate showing that he is unable to pay the necessary cost of transportation. . . . If Defendant [again] seeks travel assistance under § 4285, he may file a verified request that identifies: (1) the proposed means of transportation; (2) the actual estimated transportation expense; (3) any necessary en route subsistence expense; (4) available funds and assets; and (5) the specific basis for his claimed inability to pay. Any renewed request must be filed promptly.").

Accordingly,

**IT IS ORDERED** that the motion (Doc. 76) is **denied without prejudice**.

Dated this 29th day of October, 2026.

Dominic W. Lanza
United States District Judge